LCEsSANp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                         21 CR 545 (PAE)

ARFHY SANTOS,

          Defendant.

------------------------------x

                               New York, N.Y.
                               December 14, 2021
                               3:45 p.m.

Before:

                HON. PAUL A. ENGELMAYER,

                             District Judge

                    APPEARANCES

AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York
CHRISTOPHER D. BRUMWELL
    Assistant United States Attorney

LAWRENCE M. FISHER
    Attorney for Defendant

LCEsSANp

1              (Case called

2              THE DEPUTY CLERK:  Please state your appearance for

3     the record.

4              MR. BRUMWELL:  Good afternoon, your Honor.

5              Christopher Brumwell for the government

6              THE COURT:  Good afternoon, Mr. Brumwell.

7              MR. FISHER:  Good afternoon, your Honor.  Lawrence

8     Fisher, 233 Broadway, for Mr. Santos.

9              THE COURT:  Good afternoon, Mr. Fisher.

10             And good afternoon to you, Mr. Santos.

11             THE DEFENDANT:  Good afternoon, Judge.

12             THE COURT:  You may all be seated.

13             Good afternoon, as well, to the members of the public

14    who are here.

15             Mr. Fisher, are these friends or family of your

16    client's?

17             MR. FISHER:  Yes.

18             THE COURT:  All right.  Welcome.  Thank you for being

19    here.

20             All right.  Mr. Fisher, I have been informed that your

21    client wishes to plead guilty to Count One of an information to

22    be filed.

23             Is that correct?

24             MR. FISHER:  Yes.

25             THE COURT:  All right.  I understand as well that the

LCEsSANp

1    plea is pursuant to a plea agreement.

2              Is that correct, Mr. Fisher?

3              MR. FISHER:  Yes, sir.

4              THE COURT:  All right.  I'm going to, counsel, have

5    handed up the plea agreement.  I'm going to mark it as

6    Government Exhibit 1.  And during the course of today's

7    proceeding, I'll ask counsel and the defendant about the plea

8    agreement a little later on.

9              Mr. Santos, is it correct that you intend to plead

10   guilty to Count One of the information pursuant to a plea

11   agreement?

12             THE DEFENDANT:  Yes.

13             THE COURT:  All right.  Before I accept your guilty

14   plea, I'm going to ask you certain questions so that I can

15   establish to my satisfaction that you wish to plead guilty

16   because you are guilty and not for some other reason.

17             If you don't understand any of the questions or you

18   would like a further opportunity to consult with Mr. Fisher,

19   will you please let me know?

20             THE DEFENDANT:  Yes, Judge.

21             THE COURT:  Are you able to speak and understand

22   English?

23             THE DEFENDANT:  Yes, Judge.

24             THE COURT:  Mr. Smallman, would you kindly place

25   Mr. Santos under oath.

LCEsSANp

1          (Defendant sworn)

2          OK.  Do you understand that you're now under oath, and

3    that if you answer any of my questions falsely, your answers to

4    my questions may being used against you in another prosecution

5    for perjury?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  OK.  One moment.

8          Just before we move on, let me just confirm with

9    Mr. Brumwell, the information in this case has already been

10   filed and the defendant has been arraigned on it, correct?

11         MR. BRUMWELL:  That's correct.

12         THE COURT:  I don't need to take away the proceeding

13   today.

14         MR. BRUMWELL:  That's correct, your Honor.

15         THE COURT:  All right.  Very good.  Back to you,

16   Mr. Santos.

17         What is your full name?

18         THE DEFENDANT:  Arfhy Santos.

19         THE COURT:  How old are you?

20         THE DEFENDANT:  24.

21         THE COURT:  How far did you go in school?

22         THE DEFENDANT:  11th grade.

23         THE COURT:  Where was that?

24         THE DEFENDANT:  Clinton High School.

25         THE COURT:  Have you ever been treated or hospitalized

LCEsSANp

1     for any mental illness?

2              THE DEFENDANT:  No.

3              THE COURT:  Are you now or have you recently been

4     under the care of a doctor or a psychiatrist?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  Have you ever been hospitalized or treated

7     for addiction to any drugs or alcohol?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  In the past 24 hours, have you taken any

10    drugs, medicine or pills, or drunk any alcoholic beverages?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Is your mind clear today?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you understand what is happening in

15    this proceeding?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Defense counsel, do you have any doubt as

18    to your client's competence to plead at this time?

19             MR. FISHER:  No?

20             THE COURT:  Government counsel?

21             MR. BRUMWELL:  No doubt as to competence.  Just one

22    small clarification.  I know Mr. Santos recently had surgery,

23    so if the court could ask if he's under any pain medications or

24    anything like that.  Just, again, for the sake...

25             THE COURT:  Absolutely.  Mr. Santos, I gather you

LCEsSANp

1  recently had surgery?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  What was that for?

4          THE DEFENDANT:  It was for some shots that I received

5  back in 2020.

6          THE COURT:  OK.  Are you currently taking any

7  medication coming out of the surgery?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  OK.  All right.  Based on Mr. Santos'

10 responses to my questions and his demeanor as he appears before

11 me, and based on counsel's independent assessments, I find that

12 Mr. Santos is competent to enter a plea of guilty at this time.

13         Mr. Santos, have you had a sufficient opportunity to

14 discuss your case with your attorney?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Have you had a sufficient opportunity to

17 discuss the particular charge to which you intend to plead

18 guilty, any possible defenses to that charge, and the

19 consequences of entering a plea of guilty?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Are you satisfied with your attorney's

22 representation of you, including in connection with reaching a

23 plea agreement?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  I'm now going to explain certain

LCEsSANp

1      constitutional rights that you have.  You'll be giving up these

2      rights if you enter a plea of guilty.

3               Under the Constitution and laws of the United States,

4      you are entitled to a speedy and a public trial by a jury on

5      the charge contained in the information.

6               Do you understand that?

7               THE DEFENDANT:  Yes, your Honor.

8               THE COURT:  At that trial you would be presumed to be

9      innocent and the government would be required to prove you

10     guilty by competent evidence and beyond a reasonable doubt

11     before you could be found guilty.  You would not have to prove

12     that you are innocent, and a jury of 12 people would have to

13     agree unanimously that you were guilty.

14               Do you understand that?

15               THE DEFENDANT:  Yes, your Honor.

16               THE COURT:  At that trial and at every stage of your

17     case, you would be entitled to be represented by an attorney,

18     and if you could not afford one, one would be appointed to

19     represent you free of charge.

20               Do you understand that?

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  During a trial, the witnesses for the

23     government would have to come to court and testify in your

24     presence.  Your lawyer could cross-examine the witnesses for

25     the government, object to evidence offered by the government,

LCEsSANp

| | |
|---|---|
| 1 | and if you desired, issue subpoenas, offer evidence, and compel |
| 2 | witnesses to testify in your behalf. |
| 3 |      Do you understand that? |
| 4 |      THE DEFENDANT:  Yes, your Honor. |
| 5 |      THE COURT:  At a trial, although you would have the |
| 6 | right to testify, if you chose to do so, you would also have |
| 7 | the right not to testify, and no inference or suggestion of |
| 8 | guilt could be drawn to the fact that you did not testify if |
| 9 | that was what you chose to do. |
| 10 |      Do you understand that? |
| 11 |      THE DEFENDANT:  Yes, your Honor. |
| 12 |      THE COURT:  At trial, the government would have to |
| 13 | prove each and every part or element of a charge beyond a |
| 14 | reasonable doubt for you to be convicted of that charge. |
| 15 |      Do you understand that? |
| 16 |      THE DEFENDANT:  Yes, your Honor. |
| 17 |      THE COURT:  Do you understand that if you were |
| 18 | convicted at a trial, you would have the right then to appeal |
| 19 | that verdict? |
| 20 |      THE DEFENDANT:  Yes, your Honor. |
| 21 |      THE COURT:  Even at this time right now, even as |
| 22 | you're in the process of entering this guilty plea, you have |
| 23 | the right to change your mind, plead not guilty, and go to |
| 24 | trial. |
| 25 |      Do you understand that? |

LCEsSANp

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  If you plead guilty and I accept your

3  plea, you'll give up your right to a trial and the other rights

4  that I have just described.  There will be no trial, and I will

5  enter a judgment of guilty and sentence you on the basis of

6  your guilty plea after considering the submissions relating to

7  sentencing that I received from you, your lawyer, and the

8  government, as well as a presentence report prepared by the

9  probation department.

10      Do you understand that?

11      THE DEFENDANT:  Yes, your Honor.

12      THE COURT:  If you plead guilty, you also have to give

13  up your right not to incriminate yourself because today I will

14  ask you questions about what you did in order to satisfy myself

15  that you are guilty as charged.

16      Do you understand that?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  All right.  Mr. Santos, you have received,

19  have you not, a copy of the information containing the charge

20  against you?

21      THE DEFENDANT:  Yes.

22      THE COURT:  Have you read it and discussed it fully

23  with your counsel?

24      THE DEFENDANT:  Yes, your Honor.

25      THE COURT:  Do you understand that you're charged in

LCEsSANp

| Line | |
|---|---|
| 1 | Count One of the information with the federal offense of being |
| 2 | a felony in possession of a firearm? |

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Government counsel, would you please state the elements that offense.

MR. BRUMWELL:  The elements are as follows, the defendant knowingly possessed the ammunition as charged.

THE COURT:  Sorry, Counsel.  Just speak a little more clearly into the mic.  Thank you.

MR. BRUMWELL:  I'm sorry, yes.

First, that the defendant knowingly possessed the ammunition as charged in the information;

Second, at the time he possessed the ammunition, the defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Third, that the ammunition was shipped or transported in interstate first.

The government would also have to prove by a preponderance of the evidence that venue in this district is proper.

THE COURT:  All right.  Thank you.

Do you agree with that recitation, Mr. Fisher?

MR. FISHER:  Yes.

THE COURT:  Mr. Santos, did you hear and understand the government as it set out the elements of this offense?

LCEsSANp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that if the government

3   were to go to trial, if you were to go to trial, the government

4   would have to prove each of those elements beyond a reasonable

5   doubt?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  I'm going to turn now to the possible

8   consequences of a guilty plea.

9          Do you understand that the maximum possible penalty

10  for Count One is ten years' imprisonment, and there is no

11  mandatory minimum sentence for this offense?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  The maximum fine for Count One is the

14  greatest of $250,000, twice the gross pecuniary gain derived

15  from the offense, or twice the gross pecuniary loss to people

16  other than you resulting from the offense.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you understand that for pleading guilty

20  to Count One, you may receive a term of up to three years'

21  supervised release?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Supervised release means that you will be

24  subject to monitoring when you are released from prison.  There

25  are terms of supervised release with which you must comply.  If

LCEsSANp

1    you don't comply with them, you can be returned to prison

2    without a jury trial for all or part of the term of supervised

3    release imposed by the court.

4            Under those circumstances, you would not be given any

5    credit towards that term for the time you served in prison as a

6    result of your sentence for this crime, nor would you

7    necessarily be given any credit towards that term for any time

8    you spent on post release supervision.

9            Do you understand that?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  For pleading guilty to this crime, you

12   will be required to pay a mandatory $100 special assessment.

13           Do you understand that?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Government, is this a case in which the

16   government is pursuing either forfeiture or restitution?

17           MR. BRUMWELL:  No, your Honor.

18           THE COURT:  OK.  Do you understand that if I accept

19   your guilty plea and adjudge you guilty, that may deprive you

20   of valuable civil rights, such as the right to vote, the right

21   to hold public office, the right to serve on a jury, and the

22   right to possess any kind of firearm?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Are you a United States citizen?

25           THE DEFENDANT:  Yes, your Honor.

LCEsSANp

1          THE COURT:  Under current law, there are sentencing

2    guidelines as well as other factors set forth in the sentencing

3    statutes that judges must consider in determining a sentence.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Have you spoken to your attorney about the

7    sentencing guidelines and those other factors?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that the court will not

10   be able to determine the guidelines range that will form one

11   part of my determination of what a reasonable sentence will be

12   in your case until after a presentence report has been prepared

13   and until after you and your attorney and the government have

14   all had an opportunity to challenge any of the facts reported

15   there by the probation officer?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that even though the

18   parties agreed in the plea agreement that the sentencing

19   guidelines recommend a sentence of between 57 and 71 months'

20   imprisonment, the parties' agreement about what the guidelines

21   recommend is not binding on the probation department and it's

22   not binding on the court?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Do you understand that even after the

25   court has determined what guidelines range applies to your

LCEsSANp

1   case, what the sentencing guidelines do recommend, the court

2   has the discretion under the current law to impose a sentence

3   that is higher or lower than the one suggested by the

4   sentencing guidelines?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you understand that if your attorney or

7   anyone else has attempted to predict what your sentence will

8   be, their prediction could be wrong?  No one, not your

9   attorney, not the government's attorney, no one can give you

10  any assurance of what your sentence will be because I am going

11  to decide your sentence, and I'm not going to do that now and I

12  really can't do that now.  Instead, I'm going to wait until I

13  receive the probation department's presentence report, I'm

14  going to wait until I receive what I know will be thoughtful

15  sentencing submissions from the defense and from the

16  government, and I'm going to read all those materials

17  carefully.  I'm going to make my own independent calculation of

18  what the sentencing guidelines recommend.  But, most of all,

19  I'm going to determine what a just and reasonable sentence is

20  for you based on all of the factors contained in our sentencing

21  statute, which is known as Section 3553(a).

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand all that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you discussed these issues and the

LCEsSANp

1   other all sentencing process with Mr. Fisher?

2               THE DEFENDANT:  Yes, your Honor.

3               THE COURT:  Even if your sentence is different from

4   what your attorney or anyone else has told you it might be,

5   even if it's different from what you expect, even if it's

6   different from the advisory guidelines range that is calculated

7   in your plea agreement, you would still be bound by your guilty

8   plea and you would not be allowed to withdraw your plea of

9   guilty.

10              Do you understand that?

11              THE DEFENDANT:  Yes, your Honor.

12              THE COURT:  Has anyone threatened you or anyone else

13  or forced you in any way to plead guilty?

14              THE DEFENDANT:  No, your Honor.

15              THE COURT:  Now, you mentioned earlier that there is a

16  plea agreement in this case, which I've marked as Government

17  Exhibit 1.  On the back page, I see here what I understand to

18  be the electronic signatures, Mr. Brumwell, and then a typed

19  authorized signature of Drew Johnson-Skinner, the deputy chief

20  of the Violent and Organized Crimes Unit at the U.S. Attorney's

21  office.

22              Are those the persons' authorized signatures?

23              MR. BRUMWELL:  Yes.

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  I'm asking the government.

LCEsSANp

1              MR. BRUMWELL:  Yes, your Honor.

2              THE COURT:  All right.

3              THE DEFENDANT:  Oh.

4              THE COURT:  Mr. Fisher, I see here your signature

5      dated today -- dated yesterday -- no, dated December 9.

6              Is that your signature?

7              MR. FISHER:  Yes, sir.

8              THE COURT:  And, Mr. Santos, I see here your signature

9      dated December 9.  Is that your signature?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  All right.  Did you read this agreement

12     before you signed it?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Did you discuss it with your attorney

15     before you signed it?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Did you believe that you understood the

18     agreement at the time you signed it?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Did you willingly sign the agreement?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Did anyone force you to sign it?

23             THE DEFENDANT:  No.

24             THE COURT:  Do you have any agreement with the

25     government about your plea or your sentence that has been

LCEsSANp

1    omitted or left out of this agreement?

2            THE DEFENDANT:  No.

3            THE COURT:  Government counsel, would you please

4    summarize the key terms of the plea agreement?

5            MR. BRUMWELL:  Yes, your Honor.

6            The agreement, as noted in the guidelines stipulation,

7    is 57 to 71 months' imprisonment.  The plea agreement also has

8    the appeal waiver.  The defendant agrees to not appeal any

9    sentence within or below the stipulated guidelines range.  The

10   government agrees not to appeal any sentence within that range

11   either.  There is no forfeiture, and those are the material

12   provisions, your Honor.

13           THE COURT:  Thank you.

14           Mr. Fisher, did you hear and understand the government

15   counsel as he summarized those terms?

16           MR. FISHER:  Yes.

17           THE COURT:  And you're in agreement that those were

18   accurately recited?

19           MR. FISHER:  Yes.

20           THE COURT:  Mr. Santos, did you hear and understand

21   government counsel as he summarized those terms?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  I just want to highlight one of them.

24           Do you understand that under the agreement, you're

25   giving up your right to appeal or otherwise challenge your

LCEsSANp

```
1    sentence, so long as I don't sentence you to to more than

2    71 months' imprisonment?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Has anyone made any promise or done

5    anything other than what is contained in the plea agreement to

6    induce you to plead guilty?

7              THE DEFENDANT:  No, your Honor.

8              THE COURT:  Has anyone made a promise to you as to

9    what your sentence will be?

10             THE DEFENDANT:  No, your Honor.

11             THE COURT:  Do you still wish to plead guilty pursuant

12   to this agreement?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  All right.  At this point, I would like

15   you to tell me in your own words what it is that you did that

16   makes you believe you're guilty of Count One in the

17   information.

18             In October 10, 2020, I was in possession of ammunition

19   when previously I've being convicted of a felony.

20             THE COURT:  OK.  What location were you in when you

21   possessed the ammunition?

22             THE DEFENDANT:  In the Bronx.

23             THE COURT:  OK.  Somebody is brushing against the

24   microphone.  Push back.  Thank you.

25             You had previously been convicted of a felony.  What
```

LCEsSANp

```
 1    felony was that?

 2              THE DEFENDANT:  Drugs.

 3              THE COURT:  Narcotics distribution?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  OK.  And that felony carried a potential

 6    sentence of more than one year?

 7              THE DEFENDANT:  No.

 8              THE COURT:  Not the sentence you received, but the

 9    sentence you could have received for the felony you pled guilty

10    to.  Did it carry a sentence?

11              THE DEFENDANT:  Yes, state court.

12              THE COURT:  Let me finish the question.

13              Did it carry a potential sentence of more than one

14    year?

15              THE DEFENDANT:  Yes.

16              THE COURT:  That's what makes it a felony.  I just

17    need to make sure that that is accurate.

18              Is that accurate?

19              THE DEFENDANT:  I was -- I was sentenced for --

20              MR. FISHER:  No.  The judge is just saying the charge

21    itself, you could have gotten one year or more under the law.

22              THE DEFENDANT:  Yes, your Honor.

23              MR. FISHER:  That's what you could have gotten.

24              THE COURT:  Very good.

25              And, government, can you make a proffer to me about
```

LCEsSANp

1    the interstate commerce element of this offense.

2                    MR. BRUMWELL:  Yes.

3                    I can proffer that the ammunition was found and

4    reviewed by law enforcement and that it traveled in interstate

5    commerce.

6                    THE COURT:  They've determined that it had traveled.

7    Is that because it's not manufactured in New York?

8                    MR. BRUMWELL:  Yes.

9                    THE COURT:  Defense counsel, do you agree with that?

10                   MR. FISHER:  Yes.

11                   THE COURT:  And, Mr. Santos, do you also agree with

12   that?

13                   THE DEFENDANT:  Yes, your Honor.

14                   THE COURT:  And so when you possessed that ammunition

15   after having previously been found guilty of a felony, did you

16   know that what you were doing was wrong?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  Did you know you were committing a crime?

19                   THE DEFENDANT:  Yes, your Honor.

20                   THE COURT:  Government counsel, do you agree that

21   there is now a sufficient factual predicate for a guilty plea?

22                   MR. BRUMWELL:  Yes, your Honor.

23                   THE COURT:  Defense counsel, do you agree?

24                   MR. FISHER:  Yes.

25                   THE COURT:  Mr. Fisher, do you know of any valid

LCEsSANp

1  defense that would prevail at trial or any reason why your

2  client should not be permitted to plead guilty?

3          MR. FISHER:  No.

4          THE COURT:  Are you pleading guilty today voluntarily

5  and of your own free will, Mr. Santos, and because you are, in

6  fact, guilty?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And can government counsel represent that,

9  had the case gone to trial, it had sufficient evidence of each

10  element to establish a conviction?

11          MR. BRUMWELL:  Yes, your Honor.

12          THE COURT:  All right.  Mr. Santos, because you

13  acknowledge that you are, in fact, guilty as charged in the

14  information, because I'm satisfied that you know of your

15  rights, including your right to go to trial, because I'm

16  satisfied that you're aware of the consequences of your plea,

17  including the sentence that may be imposed, and because I find

18  that you're voluntarily pleading guilty, I accept your guilty

19  plea and enter a judgment of guilty on the one count to which

20  you've pled guilty.

21          Now, the next important phase of your case will be the

22  sentencing process.  I'm going to ask you to pay close

23  attention to what I'm about to say.

24          The probation department is going to want to interview

25  you in connection with the presentence report that it will

LCEsSANp

1    prepare.  If you choose to speak with the probation department,

2    please make sure anything you say to them is truthful and

3    accurate.  I read those reports carefully.  They are often very

4    important, along with the parties' sentencing submissions, in

5    helping me determine what a just and reasonable sentence is in

6    the particular case.

7              You and your counsel have a right to examine the

8    report and to comment on it at the time of sentencing.  I urge

9    you to do so, to read it, to discuss it with your attorney

10   before sentencing.  If there are any mistakes in the report,

11   will you please point them out to Mr. Fisher so he can bring

12   them to my attention before sentencing?

13             Are you agreeing to do that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Mr. Fisher, I take it this is not a case

16   in which you're seeking an expedited sentence?

17             MR. FISHER:  Can I have one moment?

18             THE COURT:  Of course.

19             (Counsel confers with defendant)

20             MR. FISHER:  We actually would.  I've conferred with

21   my client.  We would like to try and see if we could get an

22   expedited sentence.

23             THE COURT:  OK.  I take it you've reviewed with him

24   the federal rule that addresses that subject under which you

25   would be foregoing a draft of the presentence report?

LCEsSANp

1          MR. FISHER:  Yes, I mean --

2          THE COURT:  Have you reviewed that?

3          If you're seeking an expedited sentence, I need to

4     allocute him about that.

5          MR. FISHER:  All right.

6          (Counsel confers with defendant)

7          OK.

8          THE COURT:  Yes, this is what you would like to do?

9          MR. FISHER:  Yes, please.

10          THE COURT:  Briefly, Mr. Santos, I just want to

11     explain to you the options that exist with respect to the date

12     of your sentence.  There is a federal rule that sets out your

13     right to have a presentence report prepared by the probation

14     department and a timetable for you to see a draft of that

15     report, to comment on the draft, and to see the final report

16     before sentencing.

17          Because of that timetable, sentencing usually is set

18     for about three or three and a half months after the entry of a

19     guilty plea.  However, there is another option which would

20     allow me to sentence you in about six to eight weeks.  Under

21     this other option, you would still get a complete report

22     prepared by the probation department, but you would only get to

23     see the final report before sentencing.  You wouldn't get to

24     see a draft report.

25          Have you discussed these issues with Mr. Fisher?

LCEsSANp

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Do you wish to have a sentence in

3    approximately six to eight weeks, and give up your right to see

4    the draft report on the timetable set out in the federal rules?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  All right.  Hang on a second.

7           (Pause)

8           How about Tuesday, January 25, at 2:30 p.m.?

9           MR. FISHER:  That sounds good.

10           THE COURT:  Government counsel, does that work for

11   you?

12           MR. BRUMWELL:  Yes.

13           THE COURT:  Under the circumstances, because the

14   sentencing will be so soon from now, six weeks or so,

15   Mr. Fisher, you need to arrange for your client to be

16   interviewed by the probation department within the next week.

17           Government counsel, you must provide your case summary

18   to the probation department within one week.  OK?

19           MR. BRUMWELL:  Understood, your Honor.

20           THE COURT:  And, given the short timetable, ordinarily

21   I ask for defense submissions two weeks before sentencing and

22   the government's one week before.  Instead, I'm going to adjust

23   the dates a little bit.

24           Defense counsel, please get me your sentencing

25   submission by, let's say -- Monday, the 18th, is a holiday.

LCEsSANp

1    Why don't we say Friday, January 15.  OK?

2                    MR. FISHER:  OK.

3                    THE COURT:  Government counsel, I would like yours by

4    Wednesday, January 20.  OK?

5                    MR. BRUMWELL:  OK.

6                    THE COURT:  That tightens up the timetable from my

7    review a bit.  Gives you enough time to do this.

8                    All right.  Government counsel, I understand from

9    Mr. Smallman that you do not object to Mr. Santos' continuing

10   to be out on conditions of bail pending sentencing?

11                   MR. BRUMWELL:  Correct.

12                   THE COURT:  All right.  Then, look, Mr. Santos, do you

13   understand that all of the conditions on which you have been

14   released up until now continue to apply, and that a violation

15   of any of those conditions can have very serious consequences

16   for you at the time of sentence?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  Do you understand that you have to be in

19   this courtroom for sentencing at the time and date that I have

20   set or you will be guilty of a separate crime called bail

21   jumping and subject to a fine and/or prison term in addition to

22   whatever sentence you may receive for the crime to which you

23   have just pled guilty?

24                   Do you understand that?

25                   THE DEFENDANT:  Yes, your Honor.

LCEsSANp

 1          THE COURT:  All right.  Anything further from the

 2    government?

 3          MR. BRUMWELL:  No, your Honor.  Thank you.

 4          THE COURT:  Anything further from the defense?

 5          MR. FISHER:  No, not at this time.

 6          THE COURT:  Look, I want to wish everyone here a

 7    healthy and happy New Year.  I look forward to seeing you in

 8    January.

 9          THE DEFENDANT:  Thank you, your Honor.

10          MR. FISHER:  Thank you.  You too.

11          (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25